# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT L. SMITH JR., | : | Case No. 3:16-cv-168 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| BERNARD THOMAS, | : | |
| Defendant. | : | |

___

## ENTRY AND ORDER DENYING PLAINTIFF ROBERT L. SMITH JR.'S MOTION FOR SUMMARY JUDGMENT (DOC. 15)
___

This case is before the Court on the Motion for Summary Judgment (Doc. 15) filed by Plaintiff Robert L. Smith Jr. ("Plaintiff"). Plaintiff alleges that Defendant Bernard Thomas ("Defendant") infringed Plaintiff's copyright in a song called "Looking for a Country Girl." (Doc. 15 at 1.) Defendant opposes the Motion for Summary Judgment. (Doc. 18.) Plaintiff declined to file any reply to Defendant's opposition, and the time to do so has expired. The motion is therefore ripe for the Court's review. For the reasons below, the Court **DENIES** the Motion for Summary Judgment (Doc. 15).

### I. BACKGROUND

Plaintiff, who is professionally known as "Bigg Robb," is a musical artist and songwriter. (Doc. 15-4 at 2.) He wrote a song called "Looking for a Country Girl," which appeared on his album entitled "Think Bigg." (*Id.*; Doc. 1-1.) Plaintiff registered a copyright in "Looking for a Country Girl" with the United States Copyright Office. (Doc. 1-1.) He released the album "Think Big" on compact disc on March 12, 2012. (Doc. 15-4 at 2.)

Plaintiff asserts that, around March 5, 2014, he became aware that Defendant had

"reproduced, distributed, and/or publicly performed . . . a substantial portion of" the song "Looking for a Country Girl" without Plaintiff's authorization in a public performance at an event called the Southern Soul Blues Fest. (*Id.*) More specifically, Plaintiff claims that Defendant used a portion of or "sample" from the song "Looking for a Country Girl" in Defendant's song called "Hell 2 the Naw Naw." (*Id.* at 2-3.) In May 2015, through a music publishing administrator, Plaintiff notified Defendant that "Hell 2 the Naw Naw" infringed Plaintiff's copyright in "Looking for a Country Girl." (*Id.* at 3.) On October 6, 2015, Plaintiff brought this copyright infringement action against Defendant.

In a one-page letter to the Court, Defendant asserts that Plaintiff gave him permission to use "a beat" from one of his songs. (Doc. 18 at 1.) He further asserts that Plaintiff stole the same beat from two of Marvin Gaye's songs, namely "Sexual Healing" and "Let's Get It On." (*Id.*)

Neither of the parties is represented by counsel in this case.

## II. ANALYSIS

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine so long as "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The district court, and this Court in its review of the district court, must view the facts and any inferences reasonably drawn from them in the light most favorable to the party against whom judgment was entered." *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co., Inc.*, 395 F.3d 338, 342 (6th Cir. 2005).

Here, neither of the parties have submitted much in the form of admissible evidence for the

Court's consideration. The Court may take judicial notice of Plaintiff's copyright registration, which is an exhibit to the Complaint. Nothing else submitted by the parties constitutes admissible evidence. Neither Plaintiff nor Defendant submitted an affidavit or declaration supporting the assertions in their papers. The failure to present admissible evidence alone can be fatal to a motion for summary judgment. *See* Fed. R. Civ. P. 56(c). Nonetheless, even putting aside the lack of admissible evidence, the parties' assertions plainly demonstrate that genuine issues of material fact preclude the entry of summary judgment in this case. Plaintiff asserts that Defendant's use of a sample from "Looking For a Country Girl" was unauthorized. (Doc. 15-4 at 2.) Defendant asserts that he was given permission. (Doc. 18.) Plaintiff claims that he is the sole author of his copyrighted work, but Defendant contends that the portion that he allegedly used without authorization was taken from works by Marvin Gaye. (Doc. 15-4 at 2; Doc. 18.) If either of Defendant's assertions is proven at trial, it would establish a valid defense to Plaintiff's copyright infringement claim. These genuine issues of material fact cannot be resolved by the Court as a matter of law. Plaintiff's Motion for Summary Judgment will therefore be denied.

III. **CONCLUSION**

For the reasons above, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 15).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, August 3, 2017.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE